(50 South. 595.)

No. 17,928.

STATE ex rel. MULLER, Dist. Atty., et al. v. CYR et al.

In re CYR et al.

(Nov. 2, 1909.)

1. SCHOOLS AND SCHOOL DISTRICTS (§ 53*)— REMOVAL OF MEMBERS OF SCHOOL BOARD— STATUTES—CONSTRUCTION.

Under Acts 1902, p. 408, No. 214, § 6, providing that for incompetency, neglect of duty, or malfeasance in office the Governor may re-

[1] Ante, p. 599.

move members of the parish boards of school directors, subject to the ratification of the State Board of Education, a removal by the state board is not a removal by the Governor; the action of the board, even though the Governor be a member and vote with the majority, not being his action, and his mere approval not satisfying the statute.

[Ed. Note.—For other cases, see Schools and School Districts, Dec. Dig. § 53.*]

2. SCHOOLS AND SCHOOL DISTRICTS (§ 53*)— REMOVAL OF MEMBERS OF SCHOOL BOARD— CAUSES—STATUTES—CONSTRUCTION.

Acts 1902, p. 408, No. 214, § 6, providing that for incompetency, neglect of duty, or malfeasance in office the Governor may remove members of the parish boards of school directors, is restrictive, and does not authorize a removal for "the deplorable condition of the school affairs of the parish," since such condition may have resulted from causes entirely disconnected with any incompetency, etc., on the part of members of the board.

[Ed. Note.—For other cases, see Schools and School Districts, Dec. Dig. § 53.*]

Action by the State, on the relation of A. N. Muller, District Attorney, and others, against Paul N. Cyr and others. Judgment for relators, and respondents apply for writs of certiorari and prohibition. Judgment set aside, and suit dismissed.

Andrew Thorpe and Cammack & Broussard, for relators. Anthony N. Muller and Porteus R. Burke, for respondents.

PROVOSTY, J. The relators were elected members of the school board of the parish of Iberia at the election of November, 1908, in pursuance of Act No. 60, p. 92, of 1906. They qualified duly, and were in office when on June 19, 1909, the State Board of Education adopted the following resolution:

"Resolved, that, owing to the deplorable condition of the school affairs in the parish of Iberia, the State Board of Education deems it necessary to remove from office the parish board of directors of the parish of Iberia, and does by these presents remove the said parish school board of the said parish of Iberia.

"Resolved, further, that the State Board of Education elects the following as the parish board of directors of the parish of Iberia: First ward, E. D. Guidry, vice president, removed; Second ward, Henry N. Pharr, vice A. C. Dubion, removed; Third ward, George L. Fisk, vice L. L. Gonsoulin, removed; Fourth ward, Dr. Guy A. Shaw, vice John D. Walet,

removed; Fifth ward, Adolph Romero, vice Edward Leblanc, removed; Sixth ward, G. A. King, vice Eugene Guillot, removed; Sixth ward, E. T. Weeks, vice J. W. Eckart, removed; Sixth ward, Edgar Delhommer, vice A. B. Murray, resigned; Seventh ward, Michel Delcambre, vice A. D. Delcambre, removed; Eighth ward, Dr. E. D. Tarleton, vice H. R. Minvielle, removed; Eighth ward, St. Paul Bourgeois, vice Paul N. Cyr, removed.

"Resolved, further, that in the event that any of the above mentioned, named as the parish school board of the parish of Iberia, shall fail or refuse to qualify, then in that event the Governor be and he is hereby authorized and empowered to fill such vacancies."

The persons elected by this resolution were commissioned by the Governor, and they qualified under said commission, and have brought the present suit (under the intrusion into office act) against the relators to have themselves recognized as the legal school board of said parish.

The authority of the State Board of Education to remove the relators is said to be derived from section 6 of Act No. 214, p. 408, of 1902, which reads as follows:

"Be it further enacted, etc., that for incompetency, neglect of duty, or malfeasance in office, the Governor may remove a member or members of the parish boards of school directors, subject to the ratification of the State Board of Education."

Relators contend that, by said section, the authority to remove is vested in the Governor, and not in the State Board of Education; and so in fact the section reads. But the plaintiffs contend that, the Governor being a member of the board, a removal by the board is a removal by him—especially that the admission is made of record that he "concurred in the resolution." We do not think that a removal by the State Board of Education is a removal by the Governor. The action of the board, even though the Governor be a member, and even though voting with the majority, is not the action of the Governor. This conclusively appears from the fact that a measure might be validly adopted by the board, though the Governor disapproved of it, and actually voted against it.

The removal is required by said section 6 to be the act of the Governor himself as Governor. In the present case, it has not been such. The most that can be said is that it has had his approval. A mere approval does not satisfy the statute. Ours is a government by public opinion. The power confided to an officer is accompanied by responsibility before the tribunal of public opinion for its exercise. If the removal of the relators in this case were allowed to stand, the responsibility for it would rest, not upon the Governor, but upon the State Board of Education. The Governor would merely have approved the act of the State Board of Education.

Relators also contend that the specification, in said section 6 of Act No. 214, of the cause for which the removal is authorized, is restrictive, and that consequently a removal for any other cause is unauthorized. There can be no serious question of the soundness of this proposition. 29 Cyc. 1410. Nor can it be seriously said that the cause assigned in said resolution, viz., "the deplorable condition of the school affairs of the parish," is convertible with any one or all of the causes specified by section 6, viz., "incompetency, neglect of duty, or malfeasance in office." The alleged "deplorable condition," if it really existed, may have come about from causes entirely disconnected with any "incompetency, neglect of duty, or malfeasance in office" on the part of the members of the school board. For instance, the present squabble between the two school boards has brought about a deplorable condition in the school affairs of said parish, and for this deplorable condition the plaintiffs are as much responsible as the relators; and yet no imputation of incompetency, neglect of duty, or malfeasance in office is laid at the door of either plaintiffs or relators.

Relators also contend that the said section 6 of Act No. 214 was repealed by Act No.

60 of 1906, and also that said section 6 is unconstitutional. As, however, we have concluded that no removal has been made in this case, we do not feel called upon to consider whether a removal, if made, would be valid. And for the same reason we do not deem it necessary to follow plaintiffs into the inquiry how far a removal may be made without notice or hearing, and without assigning a cause, in a case where the power of removal is conditional upon there being a certain specified cause, or certain specified causes.

The judgment of the district court is set aside, and the suit of the plaintiffs is dismissed, at their costs.